UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- X
                                                           :
136-61 ROOSEVELT LLC,                                      :
                                                           : **MEMORANDUM DECISION**
                                        Plaintiff,         : **AND ORDER**
                                                           :
                - against -                                : 21-cv-3560 (BMC)
                                                           :
STARBUCKS CORPORATION,                                     :
                                                           :
                                        Defendant.         :
                                                           :
---------------------------------------------------------- X

**COGAN**, District Judge.

After the COVID-19 pandemic caused a lease agreement to go sour, plaintiff 136-61 Roosevelt, LLC, sued defendant Starbucks Corporation in the New York Supreme Court, Queens County. Defendant removed the action to federal court, attempting to invoke this Court's diversity jurisdiction. To that end, defendant's notice of removal offered the following facts. First, it stated that defendant "is a corporation organized under the laws of the State of Washington and is therefore a citizen of the State of Washington." Second, it stated that "[p]laintiff is a limited liability company organized under the laws of the State of New York and whose offices are located in New York," and "[u]pon information and belief, [p]laintiff does not have any members who are citizens of the State of Washington."

Because these allegations were deficient, I ordered defendant to show cause why the case should not be remanded for failure to invoke the Court's subject matter jurisdiction. In response, defendant clarified that its principal place of business is in Washington, which means that defendant is a citizen of Washington. See 28 U.S.C. § 1332(c)(1). That left the issue of plaintiff's citizenship.

"For diversity purposes, LLCs have the imputed citizenship of each of their members." Barnes v. Fort Hamilton Fam. Homes, No. 21-cv-1044, 2021 WL 861801, at *1 (E.D.N.Y. March 8, 2021). Thus, if a party to a diversity action is an LLC, the party seeking to invoke the court's diversity jurisdiction must identify both the LLC's members and their citizenship. See Bayerische Landesbank, N.Y. Branch v. Aladdin Cap. Mgmt. LLC, 692 F.3d 42, 49 (2d Cir. 2012); 147-149 McCarren, LLC v. Holding De Gestion Turistica MIJ Spain S.L., No. 21-cv-950, 2021 WL 878557, at *2 (E.D.N.Y. March 9, 2021); Lettman v. Bayview Loan Servicing, LLC, No. 19-CV-3204 (BMC), 2019 WL 2504015, at *1 (E.D.N.Y. June 17, 2019). "If any of an LLC's members are themselves non-corporate entities, then a [party] must allege the identity and citizenship of their members, proceeding up the chain of ownership until the [party] has alleged the identity and citizenship of every individual and corporation with a direct or indirect interest in the LLC." Flemming v. Port Auth. of N.Y. & N.J., No. 21-cv-1112, 2021 WL 878558, at *1 (E.D.N.Y. March 9, 2021) (alterations adopted) (quoting another source).

Defendant has not done so. In its response to the order to show cause, defendant stated that it had contacted plaintiff's counsel, who said only that "plaintiff does not have any members who are citizens of Washington." Defendant acknowledges that it still cannot identify plaintiff's members or their citizenship. As I have previously explained, "It is not enough to allege, in conclusory fashion, that none of [an] LLC's members are citizens of the same state as the [opposing party]" or that "all of the LLC's members are citizens of a certain state." Id. (citing Prospect Funding Holdings, LLC v. Fennell, No. 15-cv-4176, 2015 WL 4477120, at *1 (S.D.N.Y. July 15, 2015); then citing U.S. Liab. Ins. Co. v. M Remodeling Corp., 444 F. Supp. 3d 408, 410 (E.D.N.Y. 2020)). Under this rule, the correspondence with plaintiff's counsel does not provide sufficient facts to establish diversity jurisdiction.

Defendant thus turns to Local Civil Rule 81.1. For diversity cases, it requires a notice of removal to set forth the citizenship of all members of a party that is an LLC. See Loc. Civ. R. 81.1(2). Crucially, however, the rule adds that, "[i]f such information or a designated part is unknown to the removing party, the removing party may so state, and in that case plaintiff within twenty-one (21) days after removal shall file in the office of the Clerk a statement of the omitted information." Loc. Civ. R. 81.1(5).

In my view, this last sentence is unenforceable because it "would require me to preside over a case where I lack subject matter jurisdiction." Ocean Units LLC v. Ill. Union Ins. Co., No. 21-cv-1316, 2021 WL 2643722, at *1 (E.D.N.Y. March 23, 2021). "[A] notice of removal must be held to the same standard as a complaint" when it seeks to "invoke[e] the subject matter jurisdiction of the district court." Id. at *2 (comparing 28 U.S.C. § 1446 and Federal Rule of Civil Procedure 8(a)); see also Agyin v. Razmzan, 986 F.3d 168, 180 (2d Cir. 2021) (explaining that the pleading requirement set forth in § 1446 was "borrowed from the pleading requirement set forth in Federal Civil Rule 8(a)" (quoting 14C Wright & Miller, Federal Practice & Procedure § 3733 (rev. 4th ed. 2020))).

"If the allegations in defendant's notice of removal appeared in a complaint, no one would contend that they adequately invoked the court's subject matter jurisdiction." Ocean Units, 2021 WL 2643722, at *2. But that is precisely what Local Civil Rule 81.1(5) seems to allow. In doing so, the rule runs headlong into the body of case law providing that a notice of removal does not adequately allege diversity when it does not name the identity and citizenship of the members of an unincorporated association. See Ocean Units, 2021 WL 2643722, at *2 (collecting cases); accord Carter v. HealthPort Techs., LLC, 822 F.3d 47, 60 (2d Cir. 2016) (holding that a complaint, which alleged only that the defendant LLC was "a citizen of a

different state," was "insufficient to show that the diversity requirement is met because, standing alone, it is entirely conclusory").

Finally, Local Civil Rule 81.1(5) "grant[s] a type of temporary subject matter jurisdiction absent any reason to believe that it exists" and "removes a court's discretion as to whether to allow discovery on that issue." Ocean Units, 2021 WL 2643722, at *3. That, too, runs afoul of the longstanding principle "that the averment of jurisdiction shall be positive, that the declaration shall state expressly the fact on which jurisdiction depends," and that "[i]t is not sufficient that jurisdiction may be inferred, argumentatively, from its averments." Brown v. Keene, 33 U.S. 112, 114 (1834). Therefore, because the last sentence of Local Civil Rule 81.1(5) exceeds the congressional grant of subject matter jurisdiction, it is unenforceable.

Because defendant has failed to adequately allege diversity of citizenship, the case is remanded to the Supreme Court, Queens County.

**SO ORDERED.**

Digitally signed by Brian M. Cogan
_____
U.S.D.J.

Dated: Brooklyn, New York
      July 2, 2021